"O"

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| RONALD CROUCH, | Case No. EDCV 06-00738 AN |
| Plaintiff, | |
| vs. | MEMORANDUM AND ORDER RE PLAINTIFF'S MOTION FOR EAJA FEES |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

## I. BACKGROUND

Plaintiff's Counsel, Bill La Tour, has filed a motion for attorney's fees ("Motion") (docket no. 16) pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and the Commissioner has filed his Opposition to the Motion ("Opposition") (docket no. 17). No Reply was filed. Counsel seeks EAJA fees in the total amount of $2,552.65 (Motion at 3).

## II. DISCUSSION

Under the EAJA, a prevailing claimant is entitled to recover reasonable attorney fees unless the government meets its burden of demonstrating that its position in the litigation was "substantially justified," or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir.

Page 1

1996). The government's position must be substantially justified at each stage of the proceedings. *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998). Whether the government's position was substantially justified is determined under a reasonableness standard – whether the government's position had a reasonable basis in both law and fact. *Pierce v Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541 (1988); *Flores v. Shalala*, 49 F.3d 562, 569-570 (9th Cir. 1995).

In his Opposition, the Commissioner does not contend that his position was substantially justified or that special circumstances make an award unjust. Instead, he simply challenges the amount of the fees requested. Accordingly, the Court will proceed with determining what amount of EAJA fees are reasonable and should be awarded.

**1.    Hourly Rates**

The $125 hourly rate for attorneys that is statutorily authorized under 28 U.S.C. § 2412(d)(2)(A)(ii) may be adjusted upward to reflect a cost-of-living adjustment ("COLA") due to inflation. *Patterson v. Apfel*, 99 F.Supp. 2d 1212, 1215 (C.D. Cal. 2000). The COLA for the year in which the fees were earned is calculated using a formula that is based upon the Consumer Price Index[1] (the "CPI"). *Sorensen v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001). Counsel did not include a current copy of the CPI, commonly attached to such motions to justify an increase in the statutory rate.[2]

The Motion reflects that Counsel seeks fees for services that were rendered for the calendar years of 2006, and 2007, respectively, and that the amount of requested fees for attorney services is $2,552.65, representing 16.75 hours of work before the Court,

---

[1]   The CPI is published on a monthly basis, with a multiplier for each month, as well as an annualized multiplier for each year. The CPI is used to adjust rates and account for changes in the cost of living.

[2]   The Court will use the "Consumer Price Index- All Urban Consumers, U.S. City Average, All Items" which is available through the www.bls.gov website.

calculated as follows: 12 hours of attorney time in December, 2006 at $167.20 per hour (12 x $167.20 = 2006.40), and 4.75 hours of paralegal time at $115.00 per hour (4.75 x $115.00 = $546.25) in the years 2006 and 2007.

"[T]he EAJA set a maximum fee of $75 per hour, which was increased by amendment in 1996 to $125 per hour for cases commenced on or after March 29, 1996. District courts have been determining the cost-of-living adjustment by multiplying the basic EAJA rate by the current consumer price index for urban consumers (CPI-U), and then dividing the product by the CPI-U in the month that the cap was imposed (October 1981 for pre-amendment cases, March 1996 for post-amendment cases)." *Id.* at 1148. Further, a party seeking EAJA attorney's fees with a cost-of-living adjustment must utilize the adjustment pertinent to the year in which the work was actually performed. *Id.* at 1149. Therefore, the Court must consider rates based upon CPI-adjusted hourly rates of $162.01(December, 2006) for attorney services provided. The proper formula to calculate the CPI-adjusted hourly rates for the year in question begins with the statutory EAJA fee amount set in March 1996. The $125 statutory amount is then adjusted according to the following formula: $125 per hour (where $125 reflects the current statutory amount for fees) x service year CPI-U (where $201.80 equals the CPI-U of December 2006)/155.7 (where 155.7 equals the CPI-U of March 1996). Therefore, the Court finds the adjusted hourly rate for attorney services in 2006 is $162.01(125 x 201.8/155.7).

Plaintiff also seeks EAJA fees for 4.75 hours of paralegal time at an hourly rate of $115.00. (Petition at 2.) The Court does not find the hourly rate sought for paralegal time is appropriate. The language of § 2412(d)(2)(A) indicates that the general rule for awarding fees is that they are to be "based on the prevailing market rates for the kind and quality of services furnished," and that a COLA is only available for attorneys fees under § 2412(d)(2)(A)(ii) where the COLA justifies an award that exceeds the $75 per hour statutory cap. Thus, although the EAJA allows for the recovery of paralegal fees for paralegals whose "prevailing market rate" is less than $75.00 per hour, neither the cap on

Page 3

those fees nor the fees themselves may be augmented by a COLA.  Therefore, the Court denies Plaintiff's request that paralegal services be calculated at a CPI-adjusted hourly rate of $115.00, and that the hourly rate for paralegal services will be fixed at $75.00.

### 2.     Amount of Time

Fee shifting statutes like the EAJA encourage competent, experienced attorneys to accept  cases that they otherwise would not by assuring recovery of a reasonable fee. However, a reasonable fee should be awarded based upon factors that include, but are not limited to, the complexity of the case or the novelty of the issues, and the attorney's expertise and skill.  *Kerr v. Screen Extras Guild, Inc.* 526 F.2d 67, 69-70 (9th Cir. 1975). The amount of time reasonably billed for social security appeals varies depending on the complexity of the case, the experience of counsel, and the disposition of the appeal.  *See Widrig v. Apfel,* 140 F.3d 1207, 1209 (9th Cir. 1998) (concluding that the district court did not abuse its discretion in reducing an award of attorney's fees in a social security appeal by considering *Kerr* factors and the attorney's insufficient support for his claimed hourly rate).

The Court finds that 6.0 of the 12.00 hours of attorney time is unreasonable and excessive for the reasons stated in the Opposition.  Therefore, the December, 2006 attorney time is reduced to 6.00 hours, which the Court finds to be the reasonable amount of time that an experienced social security practitioner such as Plaintiff's Counsel should have taken.  Likewise, the Court finds 2.75 of the 4.75 hours of paralegal time was excessive for the reasons stated in the Opposition.  Therefore, the paralegal time is reduced to 2.00 hours, which the Court finds is the reasonable amount of paralegal time.

### 3.     Amount Awarded

Based upon the foregoing, Counsel is awarded EAJA fees for attorney services calculated as follows:

| EAJA FEES - Attorney Time ||||
|---|---|---|---|
| Year | CPU ADJ. Rate | Hours | Fee Amt. ($) |
| 2006 | 162.01 | 6 | 972.06 |
| Total | | 6 | 972.06 |

| EAJA FEES - Paralegal Time ||||
|---|---|---|---|
| Year | Cap | Hours | Fee Amt. ($) |
| 2006 | 75.00 | .5 | 37.50 |
| 2007 | 75.00 | 1.5 | 112.50 |
| Total | | 2 | 150 |

| EAJA FEES - TOTAL ||||
|---|---|---|---|
| Time | Amount | Hours | Fee Amt. ($) |
| Attorney | 162.01 | 6 | 972.06 |
| Paralegal | 75.00 | 2 | 150.00 |
| Total | | 8 | 1122.06 |

The total EAJA fees awarded to Counsel is $1,122.06.

### III. CONCLUSION

For the reasons discussed above, Counsel's Motion is granted in part, and Counsel is awarded total EAJA fees of $1,122.06.

IT IS SO ORDERED.

DATED: November 12, 2008        /s/ Arthur Nakazato
                    ARTHUR NAKAZATO
                    UNITED STATES MAGISTRATE JUDGE